# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CAROLYN L. PARKER, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-08-435-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
 Defendant. )

## ORDER REMANDING CASE FOR FURTHER PROCEEDINGS

This matter comes before the Court on Plaintiff'S Motion to Remand filed on April 21, 2009 (Docket Entry #20). Plaintiff requests that this case be remanded pursuant to sentence six of 42 U.S.C. § 405(g) because the transcript of her administrative hearing is not in the record. The transcript of a supplemental hearing conducted later does appear in the record. However, Plaintiff alleges Defendant's inability to produce a complete transcript represents good cause for the remand of this case.

Remand may only be accomplished in three circumstances:

> The court may remand the case after passing on its merits and issuing a judgment affirming, reversing, or modifying the [Commissioner's] decision, a "sentence four" remand. Alternatively, the court may remand the case without ruling on the merits if (a) the [Commissioner] requests remand, for good cause, prior to filing [his] answer; or (b) new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier proceeding. These are "sentence six" remands.

Nguyen v. Shalala, 43 F.3d 1400, 1403 (10th Cir. 1994).

The initial problem presented by this case is that the request

for sentence six remand was filed by Plaintiff and not Defendant. This Court has not located and Plaintiff does not direct the Court to authority which permits any entity but the Commissioner to seek a sentence six remand. In his response, however, the Commissioner concedes that "[b]ecause the claim file does not contain a recording of the oral testimony presented at the original hearing, the court should order that this case be remanded for a *de novo* hearing and decision." This statement will be construed as a joinder in the request to remand, despite the procedural defect in the manner in which Plaintiff brought the subject Motion.

The failure to include the administrative hearing transcript in the record on appeal represents "good cause" for the remand of this case in accordance with sentence six of 42 U.S.C. § 405(g). The joinder in the request by the Commissioner will be granted.

IT IS THEREFORE ORDERED that the Motion to Remand (Docket Entry #20), considered to be jointly pursued by the parties, is hereby **GRANTED**. Accordingly, this case is hereby **REMANDED** to Defendant pursuant to the sixth sentence of 42 U.S.C. §405(g) for the reasons outlined in the Motion.

IT IS SO ORDERED this 12th day of May, 2009.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE